

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 11, 2021

**BY EMAIL and ECF**

Hon. Laurel Beeler
United States Magistrate Judge
Northern District of California
United States Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *United States v. Robert Lemke*, 21 Mj. 70156 (LB)

Dear Judge Beeler:

      The Government respectfully writes regarding the status of the defendant's Rule 5(c)(3) proceeding. The defendant was arrested on January 26, 2021 based on a Complaint filed in the Southern District of New York (the "SDNY") charging him with making interstate threats directed at, among others, a New York City-based congressman, in violation of 18 U.S.C. § 875(c). On February 1, 2021, the Court held an initial appearance and ordered the defendant detained on dangerousness grounds, but did not order the defendant removed to the SDNY, and instead adjourned the matter until February 22 for further proceedings "regarding detention, identity, and removal." Feb. 1, 2021 Transcript ("Tr."), attached as Exhibit A, at 19. As described below, however, the defendant does not appear to contest identity and the Court should therefore order the defendant removed to the SDNY without the need for further proceedings. In the alternative, the Government requests an identity hearing as soon as possible so that a determination regarding identity can be made and, if identity is established, the defendant can be ordered removed to the SDNY. Defense counsel opposes this request.

      As the Court is aware, "[u]pon the appearance before a judicial officer" the defendant must be detained or released on conditions that guarantee his future appearance and the safety of the community. 18 U.S.C. § 3142. When the defendant is arrested outside the district of prosecution, Federal Rule of Criminal Procedure 5(c)(3) governs the initial appearance. Pursuant to that rule, the Court "must transfer the defendant to the district where the offense was allegedly committed if: (i) the government produces a warrant . . . ; and (ii) the judge finds that the defendant is the same person named in the indictment, information, or warrant." Fed. R. Crim. P. 5(c)(3)(D).

      On February 1, 2021, at the defendant's initial appearance in the Northern District of California, the Court determined that it was "order[ing] Mr. Lemke detained" but "without prejudice to revisiting the issue," and that detention was warranted "primarily based on danger." Tr. 16-17. The Court then stated, "I don't know what you want to do then about the Identity and Removal Hearing . . . but I don't have enough of a record to set conditions" and adjourned until February 22, at which time it would allow the defense to revisit the Court's detention order.

At the initial appearance, the defendant did not appear to contest his identity. The Pretrial Services report reflects that the defendant identified himself to Pretrial Services as "Robert Cory Lemke" and provided a personal history. Defense counsel noted on the record that "Mr. Lemke's mother" was attending by telephone, offered her as a co-signer, and referred to the defendant as "Mr. Lemke" throughout the conference. Tr. 2, 13-14. In any event, were the defendant to contest identity, there is ample evidence to satisfy Rule 5(c)(3)(D): for example, in addition to the indicia of identity included in the Complaint, in an audio-recorded post-arrest interview, the defendant identified himself as "Robert Lemke" to the FBI, provided his middle name, and confirmed his date of birth.

Based on the foregoing, and because the defendant made no reference to contesting his identity at the initial appearance, the Government respectfully submits that the Court should find that the defendant is the same person named in the Complaint and order the defendant transferred to the SDNY without further delay as required under Rule 5(c)(3)(D). To the extent the defendant seeks an opportunity to contest his identity, that proceeding should be held as soon as possible, particularly given that the defendant is detained on the premise that he is the individual charged. The Government is prepared to conduct any identity hearing as soon as the Court will allow. There is no need or basis under Rule 5 for further proceedings in the Northern District of California on the issue of detention, as the defendant has been ordered detained at his initial appearance, and therefore must be ordered removed to the SDNY to face the charges against him in that district. *See* Fed. R. Crim. P. 5(c)(3)(D). The defense will of course be free to make any further applications regarding bail following the defendant's transfer to the SDNY, including on the basis of any psychological assessments or other evidence, and any such further applications revisiting detention are appropriately heard by the SDNY court presiding over this prosecution.

        Respectfully submitted,

        AUDREY STRAUSS
        United States Attorney

By:    _____
        Kyle A. Wirshba / Kimberly Ravener
        Assistant United States Attorneys
        Southern District of New York
        (212) 637-2493 / 2358

cc: Daniel Bank, Esq. (counsel for Robert Lemke)